# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**     **CASE NO. 6:98-CR-60027-02**

**VERSUS**     **JUDGE ROBERT G. JAMES**

**JOSEPH ROBICHEAUX (02)**

## RULING

After passage of the First Step Act of 2018 ("FSA"), the United States Probation Office for the Western District of Louisiana identified Joseph Robicheaux as a person who may be eligible for relief under the FSA. Specifically, the Probation Office found Defendant is eligible for a one-year reduction to his term of supervised release. The United States has now filed a sentencing memorandum, urging the Court to decline relief [Doc. No. 385], and counsel for Defendant has filed a response [Doc. No. 386]. For the reasons that follow, the Court will REDUCE Defendant's term of supervised release to four (4) years.

On August 12, 1998, Robicheaux was named in one count of a nine-count indictment charging him with conspiracy to possess with intent to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On March 17, 1999, Robicheaux and two of his co-conspirators proceeded to trial. On the fourth day of trial, the jury convicted Robicheaux.[1] On October 13, 1999, Robicheaux was sentenced under

---

[1] The jury was not asked to find a threshold amount of cocaine base for purposes of an enhanced penalty, as trial was held prior to issuance of the decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)

the then-mandatory sentencing guidelines to a term of imprisonment of 285 months, followed by a statutorily mandated five-year term of supervised release.[2] On July 19, 2019, Robicheaux was released from BOP custody and began his term of supervised release.

Pursuant to its brief, the Government asks that the Court decline to reduce Robicheaux's term of supervised release, arguing Robicheaux was the "cook" for a large-scale drug ring, Robichaux "used his mother and grandmother as crack couriers," and Robicheaux "kept a bulletproof vest in his house." [Doc. No. 385 at 3]. In his response, Defendant notes the foregoing facts were before the sentencing court and were factored into Robicheaux's sentence, and further notes Robicheaux spent over two decades in prison due to those facts. [Doc. No. 386 at 1]. Defendant further argues denial of a one-year reduction to his term of supervised release would "not further any additional end of justice" and that there "is nothing in the record to suggest that Robicheaux would not have been sentenced to four, instead of five, years of supervised release had that been the law at the time of his sentencing." *Id.*

The Court has reviewed the Presentence Investigation Report, the Addendum submitted by Probation after passage of the First Step Act, and the briefing of the parties. After consideration of the statutory range, the applicable sentencing guidelines range, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds a reduction to

---

("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") and *Alleyne v. United States*, 570 U.S. 99, 102 (2013) (any fact increasing a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt).

[2] Robicheaux's sentencing guideline range was 262 to 327 months imprisonment.

Defendant's term of supervised release is appropriate. Accordingly, the Court will issue an amended judgment reducing Robicheaux's term of supervised release from five (5) years to four (4) years, with all other provisions of the judgment imposed on October 13, 1999 [Doc. No. 271] remaining in effect.

SIGNED this 31st day of January, 2020.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE